WILLIAM A. MESSNER, PLAINTIFF-APPELLANT, v. COUNTY OF UNION, NEW JERSEY, DEFENDANT-RESPONDENT.

Argued November 22, 1960—Decided February 20, 1961.

*Mr. Herbert L. Zuckerman* argued the cause for plaintiff-appellant.

*Mr. Edward O. Bauer* argued the cause for defendant-respondent (*Mr. Louis J. Dughi,* County Attorney, attorney; and *Mr. John P. Higgins,* Assistant County Attorney, on the brief).

The opinion of the court was delivered by

SCHETTINO, J. Appeal is from a Superior Court, Law Division judgment denying plaintiff's motion and granting defendant's motion for summary judgment. Plaintiff had instituted suit for the return of certain moneys paid to defendant by plaintiff for the support of plaintiff's former wife. Before the appeal was heard by the Appellate Division, we certified it on our own motion.

In 1941 a Union County court committed plaintiff's wife to the New Jersey State Hospital for the Insane at Marlboro. The court ordered plaintiff to pay defendant for the cost of her maintenance at the state hospital. The transcript

of the hearing contains plaintiff's agreement to pay for his wife's support.

Plaintiff was granted an absolute divorce decree on April 16, 1947 on the ground that the wife had deserted him in December 1938. Plaintiff continued to pay defendant for the support of his ex-wife until January 1959. In February 1959 plaintiff was advised by counsel to stop paying and finally obtained, on November 6, 1959, an order vacating the 1941 order of support. In 1960 defendant moved to vacate the November 1959 order. After argument and upon defendant's consent, defendant's motion was dismissed with prejudice.

On December 21, 1959 plaintiff brought this action seeking to recover from defendant what he had paid during the twelve years since his April 1947 judgment of divorce. Plaintiff contends that defendant was not entitled to the support payments since that date because the divorce judgment terminated the marital status and thus relieved plaintiff of liability for his former wife's maintenance and that defendant by its monthly billings to plaintiff had misinformed plaintiff as to plaintiff's obligation to support his former wife.

Defendant resisted repayment alleging that the payments were voluntary, that plaintiff was guilty of laches and delay in seeking relief and that defendant, having used the payments for welfare expenditures, had made no provision for repayment in the budgets over the years.

Plaintiff claims that the payments made after his divorce judgment were based upon his erroneous assumption that his obligation to support his former wife continued and that therefore he is entitled to recover. Admittedly, plaintiff knew all the facts necessary to establish the termination of his obligation although he did not understand the legal implications of these facts.

Plaintiff's contention runs contrary to the settled principle of law that where an individual under a mistake of law, but with full knowledge of the facts, voluntarily pays money on a demand not legally enforceable against him, he

cannot recover it in the absence of unjust enrichment, fraud, duress or improper conduct on the part of the payee. *Hnath v. Hnath*, 47 *N. J. Super*. 461, 468 (*App. Div.* 1957); *Wildwood Trust Co. v. DeCorrevant*, 20 *N. J. Super*. 559, 564 (*Ch. Div.* 1952); *Buschbaum v. Barron*, 1 *N. J. Super*. 4, 7 (*App. Div.* 1948); *Sutton v. Metropolitan Cas. Ins. Co. of New York*, 117 *N. J. L.* 21, 22 (*Sup. Ct.* 1936); *Hochman v. Ziglers, Inc.*, 139 *N. J. Eq.* 139, 142 (*Ch.* 1946); 40 *Am. Jur. Payment* § 205; 70 *C. J. S. Payment* § 156.

Running through the mistake-of-law cases is the theme of conscience and morals as distinguished from legal obligations. For example, in *Ruppel v. Kissel*, 74 *S. W.* 220, 24 *Ky. L. Rep.* 2371 (*Ct. App.* 1903), a husband and wife executed a promissory note to plaintiff for $1,000. Subsequently the husband died and the widow paid $600 on account. She became insane and suit was filed against her representative for the balance. A counterclaim was filed for the return of the $600 on the ground that, as she was a married woman at the time she executed the note, it was void as to her. Judgment in her favor was entered. The Court of Appeals agreed with that part of the judgment which held the note void, but reversed the part ordering the repayment of the $600 with reference to which it said (74 *S. W.*, at *p.* 221):

"* * * She paid the money voluntarily, because she recognized the debt as her own, and felt under a moral obligation to pay it. It is also true that she thought she was under a legal obligation to pay it, and did not understand that in law she could not be compelled to pay it. It is insisted that, her payment having been made under a mistake of law, and when she was not legally bound, the money may be recovered. The rule in this state is that, where money is paid without consideration under a palpable mistake of law * * * which was not owing in law or conscience, and ought not in justice to be retained, it may be recovered. * * * On the other hand, the rule is that, although money was paid under a palpable mistake of law, yet if, in conscience and justice, it should not be returned, no recovery can be had."

With that philosophy we agree.

■ Plaintiff urges that the support order became void, without more, as soon as the husband and wife relationship

was terminated by the divorce judgment. Plaintiff does not contend that the Union County Court lacked power in 1941 to determine obligations arising out of the marital relationship when a spouse is committed to a state institution for the insane. Plaintiff's authorities which allegedly hold that the support order of 1941 automatically became void in 1947 when plaintiff obtained his divorce are not in point. For example, in *Peff v. Peff*, 2 *N. J.* 513, 525, 526 (1949), a former wife sought present and future support from her ex-husband and her application was denied because the statutory right to maintenance "is applicable only where the relationship of husband and wife exists * * *. [and since here] there is lacking * * * a marital status * * * such * * * application * * * should have been denied." In *Isserman v. Isserman*, 11 *N. J.* 106 (1952) plaintiff-husband had obtained a foreign judgment of divorce on December 4, 1943. On April 4, 1944 he filed a petition seeking to dismiss a maintenance action filed by his wife in 1927 and to vacate all support orders made thereunder. The court referred to *Peff* and stated (at *p.* 114) "a decree of absolute divorce dissolves * * * [the relationship of husband and wife] and thereby terminates the wife's right to *thereafter* sue or enforce an order for separate maintenance and support." (Emphasis added) *Isserman* points up the conclusion that to void an order of support, valid when entered, a litigant should apply for direct relief from it. As the husband-wife status existed in 1941 and as the order of support was concededly properly entered, it did not automatically become void because an order of another court terminated the spousal relationship. We are not here concerned with the situation where a party, without applying for relief, stopped his payments as soon as his judgment of divorce was obtained.

■ Additionally, plaintiff asserts defendant misled him in making these payments by its monthly billings as defendant knew of plaintiff's judgment of divorce which had the effect of terminating his obligation to pay. Plaintiff bases

this contention on the premise that as defendant is an arm of the State and as the State "is a third party, in fact if not in name, in every divorce action," defendant had knowledge of the judgment of divorce and all its provisions. We fail to see how defendant could possibly be held to have knowledge of plaintiff's judgment of divorce on such hypotheses.

Plaintiff also advocates recovery based upon restitution. The theory of restitution is grounded upon the *unjust* retention of a benefit. Even where a person has received a benefit from another, liability to pay does not attach if the circumstances of the retention are such that, as between the two persons, it is not unjust for the payee to retain the benefit. The mere fact that a person benefits another is not sufficient of itself to require the other to make restitution. *Restatement of Restitution,* § 1, Comments (1937).

Assuming that the benefit of the payments ran in favor of defendant, yet the basic query is whether, as between plaintiff and the County of Union, it is unjust for the latter to retain the monies paid in and sought to be recovered by plaintiff. We think not. On this record we find that defendant was ignorant of plaintiff's divorce until 1959 and used plaintiff's money in the maintenance of his former wife. It would be unjust to allow plaintiff to recover because defendant, by spending innocently what plaintiff paid, has changed its position in reliance on the payment. See *Moritz v. Horsman,* 305 *Mich.* 627, 635, 9 *N. W. 2d* 868, 871, 147 *A. L. R.* 117 (*Sup. Ct.* 1943); *Restatement, Restitution, supra,* § 69.

We are not entirely sure that the benefits of the payments ran to defendant. We note that *N. J. S. A.* 30:4–60 and 66 provide that if the patient has a sufficient estate to pay for hospital maintenance, such estate shall in the first instance be liable for the charges. Here, plaintiff made no showing that his former wife did not have an estate. If she did, plaintiff's payments to defendant would not be for the defendant's benefit but for the benefit of the former wife.

In another respect plaintiff's twelve-year delay in seeking the vacation of the support order emphasizes the injustice in allowing plaintiff to recover. *Restatement, Restitution, supra,* § 64. A significant consequence of defendant's failure to procure a vacation of the support order at the earliest possible moment in 1947 has caused the forbearance by defendant county, in the exercise of its statutory right, to demand support monies from other relatives of the patient. The complaint in the matrimonial action recites that plaintiff and his wife had two sons, aged 26 and 27. (They, according to the trial court's note, had offered to support their mother if the father did not.) *N. J. S. A.* 30:4-60 and 66 provide that, in addition to the husband, the county has recourse against the "parents, grandparents, children or grandchildren" of the patient for her maintenance and support during her stay in the hospital. Thus, had plaintiff acted promptly in vacating the support order, the County of Union could have immediately proceeded against the sons or other referred to relatives for the support of the patient. Certainly, it is immaterial to defendant whether it collects support for this unfortunate woman from plaintiff or from someone else.

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For reversal*—None.