## Richmond

WALTER JUDSON NEWTON v. MARGARET LILLIAN WATTS NEWTON.

March 6, 1961.

Record No. 5184.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and l'Anson, JJ.

The opinion states the case.

*Henry M. Schwan* (*Fine, Fine, Legum, Weinberg & Schwan,* on brief), for the appellant.

*Thomas R. McNamara* (*Williams, Cocke, Worrell & Kelly,* on brief), for the appellee.

Eggleston, C. J., delivered the opinion of the court.

On December 27, 1956, the Circuit Court of the city of Norfolk entered a decree granting Walter Judson Newton a divorce *a vinculo* from Margaret Lillian Watts Newton on the ground of desertion. The decree approved a written agreement executed by the parties which provided, among other things, that the custody of their infant son and daughter be awarded to the wife and that the husband make periodic payments of specified amounts to the wife for the maintenance and support of the children so long as she had custody of them.

On October 28, 1959, the wife filed a petition alleging that the husband was in arrears in the required payments and praying that he be compelled to make them. The husband filed an answer denying that he was in arrears and denying that his former wife was entitled to the relief prayed for by her, because, he said, in violation of the provisions of the divorce decree she had refused him the right of visitation from their daughter. He alleged that he had "mistakenly and inadvertently made overpayments" to his former wife to the extent of $1,050, and that he was "entitled to a setoff or credit for this sum" against any further amounts which he might be required to pay her.

After an ore tenus hearing the lower court entered a decree holding that the husband was in arrears in his required payments to the extent of $525, directing that he makes these payments within sixty days, and denying his claim of setoff. From this decree the husband has appealed.

The question of whether the husband was in arrears in his payments turns upon the interpretation of the terms of the decree of December 27, 1956, in the light of these undisputed facts. That decree provided that the husband should support the two children "in accordance with the terms" of the agreement which the parties had executed and the court had approved. The agreement provided that the husband should pay to the wife the sum of $75 each month "for the individual support and maintenance of each of said children" while they were in her custody, and the "additional sum of $200 per month for her separate maintenance and support on condition that she will use such sum for the further purpose of maintaining a private household for herself and said children." It further provided that in the event of the termination of the wife's custody of both children the payments would cease, and that in the event of the termination of the "custody of one child, the other remaining in the custody" of the wife, the "additional sum" payable to the wife should be reduced to $150 per month.

After the entry of the decree of divorce the wife moved to North Carolina and for a time had custody of both children. During that time the husband paid her monthly the sum of $150 for support money for the two children and $200 for the maintenance of the household, or a total of $350, which was in accordance with the terms of the agreement and decree. In November, 1957, the wife gave up the custody of the son to the husband. From that time until the "spring of 1959" the husband paid to her each month the sum of $75 for the support of the daughter and $200 for the maintenance of the household, or a total of $275 per month. It is agreed that since the wife had custody of only one child this monthly payment of $200 for the household maintenance item was $50 in excess of what was required by the terms of the agreement. It is further agreed that the total of these excess payments amounted to $1,050.

Beginning in July, 1959, the husband continued to make the monthly payment of $75, but omitted the payment of $150 for maintenance of the household. He claimed, as we understand it, that under the terms of the settlement agreement this latter item of $150 was intended for the support and maintenance of the wife and that he was justified in withholding this payment because, he said, she had violated the terms of the agreement and decree in refusing to allow the daughter to visit him, and in other respects. The total of the sum so withheld by him under his interpretation of the agreement and decree amounted to $525.

In interpreting the 1956 decree the lower court held in the decree appealed from that the monthly item of $150 was not support money for the wife, but that that item and the item of $75, or "the entire sum of $225, was intended by the parties to constitute money paid for the support of the child as contemplated by said decree and that the same does, in fact, constitute support money as contemplated in said decree." Consequently, the court held that the husband was in arrears in the required payments in the total sum of $525.

We agree with this holding of the lower court. It will be recalled that the husband was granted a divorce on the ground of the wife's desertion and she was awarded no alimony or support money. The settlement agreement, incorporated in the decree, specified that the item of $200, or $150, for the maintenance of the household was "for the further purpose of maintaining a private household for herself and said children," and that such payments would cease upon the termination of her custody of both children. The record shows that at a hearing on a rule issued against the husband for failure to make the required payments here in issue, he admitted that it was the purpose of the settlement agreement that the wife should have custody of both children "and a total of $350 per month to enable her to provide for them," and that she "was to receive no sum which she was to be free to use independently of at least indirect benefit to the children."

But aside from this admitted interpretation of the agreement, certainly the household maintenance item was one which the 1956 decree provided must be paid by the husband. Consequently, his clear duty was to comply with the terms of the decree until modified by a further order of the court. It was for the court, and not him, to determine whether the payment of the household maintenance item had been forfeited by the alleged breach of the terms of the settlement and decree by his former wife. *Gloth* v. *Gloth*, 154 Va. 511, 554, 555, 153 S. E. 879, 71 A. L. R. 700.

We also agree with the holding of the lower court that the husband is not entitled to set off the amount of his overpayments against his future required payments for the benefit of the child or children. The question of the allowance of such a setoff has frequently been before the courts and the decisions on the subject are not harmonious. See 17-A Am. Jur., Divorce and Separation, § 876, pp. 65, 66; Annotation, 2 A. L. R. 2d 831. It is generally held that the husband should make payments for the benefit of the child or

children as directed by the court and that if he makes additional payments he cannot demand credit therefor *as a matter of law*. 17-A Am. Jur., *supra*, at page 65.

Some courts hold that credit or deductions for overpayments may be allowed under proper and equitable circumstances. Typical of such cases are, *Briggs v. Briggs*, 178 Or. 193, 165 P. 2d 772, 166 A. L. R. 666; *M. v. M.*, Mo. App., 313 S. W. 2d 209. Other courts have taken the stricter view that the terms of the decree must be complied with and credit should not be allowed for overpayments voluntarily made. This is based upon the principle that such overpayments are gratuities for which the child or children should not be required to account. See *Bradley v. Fowler*, 30 Wash. 2d 609, 192 P. 2d 969, 2 A. L. R. 2d 822; *Loomis v. Loomis*, 221 Ark. 743, 255 S. W. 2d 671; *Fischer v. Fischer*, 164 Ga. 81, 137 S. E. 821; *Campbell v. Campbell*, 223 Ky. 836, 4 S. W. 2d 1112.

We take the view that it is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and that he should not be permitted to vary these terms to suit his convenience. In such a decree the required payments are fixed according to the needs of the child or children and the ability of the husband to pay. Should these vary, from time to time, and warrant a change in the terms of the decree favorable to the husband, his remedy is to apply to the court for such relief. To permit him to increase the amount of the specified payments at one time, reduce them at another, and require an adjustment of the differences in the future, would lead to continuous trouble and turmoil. It might result in a hardship to the child or children, as is obvious in the present case. Here the uncontradicted evidence shows that the excess amounts have been regarded as gratuities for the benefit of the daughter and have been spent for the purposes specified in the agreement and the decree. To allow the husband credit for these overpayments would be to deprive the daughter of the future benefit of the amount of support money which the lower court has found was proper and has ordered to be paid.

There is a further reason why the setoff should have been denied. The husband testified that after his former wife had given up the custody of their son he continued to make the same remittances for the household maintenance item until he "consulted different legal counsel and ascertained that, pursuant to the said written agreement, such payments had been $50 per month more than stipulated

therein." He further said that he had "never possessed a copy of the said written agreement," and that the overpayments were "made by him mistakenly on an erroneous recollection" of its terms.

It is well settled that where one under a mistake of law but with full knowledge of all the facts, or with the means of such knowledge, and in the absence of fraud or improper conduct on the part of the payee, voluntarily and without compulsion pays money on a demand not legally enforceable against him, he cannot recover it. 40 Am. Jur., Payment, § 205, p. 856 *ff.*; 70 C. J. S., Payment, § 156, p. 362 *ff.*; *Mayor, etc., of Richmond* v. *Judah*, 5 Leigh (32 Va.) 305; *Virginia Insurance Rating Bureau* v. *Commonwealth*, 186 Va. 270, 282, 42 S. E. 2d 419, 425.

A mistake of law which precludes a recovery occurs when a person, with full knowledge of the facts, comes to an erroneous conclusion as to their legal effect. 40 Am. Jur., Payment, § 207, p. 857; 70 C. J. S., Payment, § 156-c, p. 366. "A payment made by reason of a wrong construction of the terms of a contract is made under a mistake of law." 70 C. J. S., *supra*, at page 366. The same is true as to a payment made because of an erroneous interpretation of the terms of a judicial decree. 40 Am. Jur., Payment, § 208, p. 858.

In the present case the husband was chargeable with knowledge of the terms of the agreement incorporated in the decree. Moreover, he was represented by counsel and had easy access to these documents. Thus, his alleged ignorance of the actual terms of the agreement and decree is due to his own gross carelessness and will not sustain his recovery of these voluntary overpayments. The situation is clearly within the principle stated in *Mayor, etc., of Richmond* v. *Judah, supra*, 5 Leigh (32 Va.), at page 315, that a voluntary payment made under a mistake or in ignorance of law, but with full knowledge of all the facts, or with the means of such knowledge, and not induced by any fraud or improper conduct on the part of the payee, cannot be recovered.

For these reasons the decree appealed from is affirmed. In accordance with the prayer of the appellee her counsel will be allowed a fee of $250 for services rendered in this appellate proceeding.

*Affirmed.*