**Emmett THURMON, dba the Plains Hotel, Appellant (Plaintiff below),**

**v.**

**Burton L. CLARK and Marcelle Clark, dba Plains Barber Shop, Appellees (Defendants below).**

**No. 4126.**

Supreme Court of Wyoming.

March 16, 1973.

John J. Rooney, of Rooney & Horiskey, Cheyenne, for petitioners-appellees.

Before PARKER, McEWAN, and GUTHRIE, JJ.

PER CURIAM.

A petition for rehearing has been filed by appellees-defendants. Even if as now argued in the petition for rehearing, defendants' evidence was directed at an affirmative defense of payment, the trial court making its finding and judgment on that basis and the counterclaim being dismissed as redundant to the defense, the judgment was erroneous and required reversal. While it is true that we noted the question of the dismissal of the defendants' counterclaim by the trial court, the main thrust of our opinion, 505 P.2d 1278, was that the defendants were to pay for electricity under the lease agreement, and if there was a violation of the rules of the power company or the Public Service Commission, such violation could not enure to the benefit of the defendants.

The judgment had to be reversed for yet another reason. Despite any present contention to the contrary the record shows both by pleading and evidence that the amount now claimed by defendants under an affirmative defense and in the answer as a counterclaim was based on a lack of legal obligation to pay the electrical and telephone charges which they had volun-

tarily paid. Stated another way, at the time of the suit they wished credit on a debt for money which they claim to have paid under a mistake of law.

 It is well settled that where money has been voluntarily paid with full knowledge of the facts, it cannot be recovered on the ground that the payment was made under a misapprehension of the legal rights and obligations of the person paying. Messner v. Union County, 34 N.J. 233, 167 A.2d 897; Newton v. Newton, 202 Va. 515, 118 S.E.2d 656; 66 Am.Jur.2d Restitution and Implied Contracts § 138; 70 C.J.S. Payment §§ 156, 157; Annotation, 53 A.L.R. 949.

Accordingly, the petition for rehearing is denied.