## CIRCUIT COURT OF HENRICO COUNTY

Akers

v.

Akers

September 2, 1976

Case No. L-767, E-73

By JUDGE E. BALLARD BAKER

Mrs. Akers filed an exhibit showing an arrearage of $4,600 through August 30, 1976. Mr. Akers does not claim that she has failed to credit him with payments, but says (1) there was a proposed adoption, which did not conclude, and he understood support stopped there; (2) there was an agreement to reduce support to $25 per week, and (3) a $750 payment in March, 1975, took care of all past due support.

Under *Fearon v. Fearon*, 207 Va. 927 (1967), *Cofer v. Cofer*, 205 Va. 834 (1965), and *Newton v. Newton*, 202 Va. 515 (1961), support payments must be made in accord with the order. A proposed adoption does not terminate the support obligation. Agreement between the parties does not change the order, though it does affect views as to contempt and later orders. The payment of $750 here on March 4, 1975, is shown by the receipt to be on account, and Mr. Akers has not shown any accord and satisfaction at that time.

Under the evidence, the arrearage is shown to be $4,600, and Mrs. Akers is entitled to judgment in that amount. Due to the fact that she agreed to accept a lesser sum around March, 1975, I am not going to hold Mr. Akers in contempt for not paying as per the order.

On the motions to increase and decrease, Mrs. Akers presents basic living expenses of $340 per month for the child. The medical care of $124 per month sounds high, but the braces should be paid for in about eighteen months.

Under the circumstances, I will set support at $35 per week, with an additional $10 per week to be paid on the arrearage. I arrive at the $35 figure by giving the defendant some consideration for the fact that he and Mrs. Akers did agree to a temporary reduction some time ago, and that such agreement cannot be given any weight in determining the arrearage.

An order in accord, fixing the arrearage at $4,600, and providing for the above payments, will be entered on presentation.