Ethelene M. **FRESTON** and J. Dorrant Freston, Plaintiffs and Appellants,

v.

**GULF OIL COMPANY—U.S.,**
Defendant and Respondent.

No. 14799.

Supreme Court of Utah.

June 9, 1977.

C. DeMont Judd, Judd, Handy & Sampson, Ogden, for plaintiffs and appellants.

---

Alan A. Enke, of Ray, Quinney & Nebeker, Salt Lake City, Edwin S. Hurst, Tulsa, Okl., for defendant and respondent.

HALL, Justice:

Appeal from a partial summary judgment in favor of defendant on the issue of its right to recoup royalty overpayments. The order of the trial court dated August 23, 1976, specifically reserved for trial all remaining issues, providing they be set forth in particularity, and that a notice of readiness be filed within 30 days.[1]

The plaintiffs' action was commenced to recover payment under an oil and gas lease or, in the alternative, to cancel. The lease covered land adjacent to other lands leased to Chevron Oil Company and Flying Diamond Corporation with whom defendant entered into joint operating agreements, Gulf remaining responsible for operation of the well and the others sharing in the costs of development.

The well was drilled, became productive, and payments were made to plaintiffs as if they held a royalty interest of 87.65157% interest pursuant to the terms of the lease. An audit revealed the error, which resulted in an overpayment of $48,880.53 to plaintiffs from May 1, 1974, through March 1, 1975. Defendant notified plaintiffs of the error by letter dated May 12, 1975, advising that future payments would be withheld until the overpayment was recovered. This occurred May, 1976, and thereafter plaintiffs received royalty payments on current production.

Plaintiffs here assert there are remaining issues to be resolved by trial, but since they have not been precluded from a trial thereon we only consider their assignments of error that actually pertain to the validity of the partial summary judgment which are: (1) that they sustained a substantial change of circumstances and resulting loss because of the overpayments, and (2) that since the lease was silent on the matter of recoupment, none should be allowed and the court erred in so interpreting it.

Plaintiffs' assertion of changed circumstances is founded upon alleged increased tax liabilities, substantial investments, and purchases which apparently consumed all of the excess payment. Such in effect says the money was had and received, has since been spent and hence should not be returned. That is basically a typical fact situation except one further element is present here, and that is, that defendant has not asked for repayment, it has merely looked to the future proceeds of the lease to recoup the overpayment and plaintiffs are not required to dig into their pocket and return the overpayment in toto.

In the absence of a showing of prejudice, equity requires a right of recoupment.[2] Applying the time honored rule[3] that summary judgment is proper when the pleadings, evidence, admissions and inferences therefrom, viewed most favorably to the loser, reflect no issue of fact upon which reasonable minds might differ, the trial court did not err in ruling as a matter of law that no such prejudicial circumstances existed or would bar recoupment.

Turning now to the second assignment of error, that of the right to recoupment itself, plaintiffs cite *King v. Firm, et al.,*[4] in support of their position against recoupment. In that case, the tenant, King, loaned to the landlord, Firm, a sum of money with which to construct a building which King was to occupy under a lease agreement. The loan was secured by a note and mortgage which was subsequently cancelled and released. A dispute arose and King ceased making lease payments and Firm entered the prem-

---

1. No issue has been raised herein as to the finality of the order appealed from. In fact, the partial nature of the judgment only came to light when the record was reviewed in preparation of this opinion.

2. *Westamerica Securities, Inc. v. Cornelius,* 214 Kan. 301, 520 P.2d 1262 (1974).

3. *Frederick May and Co., Inc. v. Dunn,* 13 Utah 2d 40, 368 P.2d 266 (1962).

4. 3 Utah 2d 419, 285 P.2d 1114 (1955).

ises and took possession. The amount owing to King was in dispute and the court held King had no right to withhold rent and stay in possession. We fail to see the applicability of those facts to the matter before us.

Plaintiffs also cite *Thurman v. Clark,*[5] another rent case, which held that where money has been paid voluntarily with full knowledge of the facts it cannot be recovered. Again, such are not the facts here.

■ In this case, defendant made overpayments by mistake and when the error was noted it promptly advised plaintiffs, withheld future payments until the sum had been recovered, and then began making correct payments.

The action of defendant was dictated by equity. It would be highly inequitable to allow plaintiffs to retain something that was not theirs. The identical result was reached in *Gulf Oil Corporation v. Lone Star Producing Co.,*[6] wherein the court held

that there was no prejudice sustained by reason of the overpayment.

Plaintiffs have not been unduly burdened by defendant's actions since they needed only to wait until the advancements were earned at which time appropriate payments were resumed.

The fact that the lease is silent as to recoupment is of no consequence since the right of recoupment is inherent in all contractual matters and is not dependent upon express provisions.

Judgment affirmed. Costs to defendant.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

5. Wyo., 507 P.2d 142 (1973).

6. 322 F.2d 28 (5th Cir. 1963).