## CIRCUIT COURT OF ALBEMARLE COUNTY

Dinah Douglas

    v.

William J. Douglas

March 5, 1991

Case No. (Chancery) 5656

By JUDGE JAY T. SWETT

This matter is before me on a show cause petition filed on behalf of the plaintiff and on a motion to reduce child support filed on behalf of the defendant. Evidence was taken on February 21, 1991. Based on the evidence and argument of counsel, I make the following findings and rulings.

Plaintiff and defendant were divorced pursuant to a final decree entered on January 30, 1987. That decree incorporated the provisions of a settlement agreement providing *inter alia* that defendant pay child support of $250.00 per month for each of the two children born of the marriage. The order required the support payments be made in two equal payments on the first and fifteenth of each month. In January of 1988, plaintiff asked defendant if he would voluntarily increase child support payments to $600.00 per month. Defendant agreed. Thereafter payments continued at the rate of $600.00 per month; the court ordered $500.00 per month plus the $100.00 agreed to by defendant. The evidence was, and the court so finds, that the monthly support payments were not always timely paid as called for in the court order. There was also evidence

that on occasion defendant would make the support payments in a fashion that arguably were more to inconvenience the plaintiff or cause problems between plaintiff and defendant. However, the testimony is unrefuted that as of August 1, 1990, defendant was current on his support obligations.

From August 1, 1990, to the present, defendant has continued to pay support payments, but on an irregular basis. Plaintiff's Exhibit 1 listed the dates of payments from August 1, 1990, to the date of the hearing. Defendant did not refute the dates of payments or the amounts paid. The figures show that from August 1 to the hearing, defendant owed court-ordered support in the amount of $3,500.00. Defendant had paid $2,850.00 as of the date of the hearing.

Defendant argues that he is not behind in child support payments. Plaintiff, on the other hand, argues that his monthly support obligation should be considered as $600.00 per month, the total of the $500.00 court-ordered support and the $100.00 supplemental payment. At the rate of $600.00 per month, defendant's arrearage is $1,650.00. When the total of all payments is taken into consideration, defendant argues that there is no arrearage because he should be given credit for the $100.00 payments dating back to January of 1988, which would reduce his present arrearage to zero. Alternatively, defendant argues that his arrearage as of August 1, 1990, must be based only upon the $500.00 court-ordered child support payment making his arrearage $650.00, rather than $1,650.00.

The issue of arrearage, if any, is not quite as clear as it would seem. The issue was addressed at length in *Newton v. Newton*, 202 Va. 515 (1961). To apply *Newton*, one must review the facts in that case. The husband and wife were divorced and entered into a separation agreement which provided for $75.00 per child monthly payments by the husband plus $200.00 monthly payments "for maintenance of the household" for the benefit of the children. Under the agreement, the $200.00 payment would be reduced to $150.00 per payment if one of the children was no longer in the custody of the wife. That event did occur, but the husband continued to make payments at the rate of $200.00, resulting in excess payments amounting to $1,050.00. Then the husband unilaterally eliminated the $150.00 payment, paying only the $75.00 to support the

one child in the custody of the wife. The wife sued for arrearage. The husband argued that he was not in arrears because he had overpaid by $1,050.00 and he should be given credit for that overpayment.

The Court rejected that argument although acknowledging the potential for inequity in such a ruling. The Court accepted the view that obligations to pay child support under a decree must be strictly enforced and that one party should not be permitted to vary the terms to suit one's own convenience. *Newton* at 519.

In my view, *Newton* supports plaintiff's position that the additional $100.00 per month payments dating back to January of 1988, may not be used by the defendant to offset the complete arrearage of defendant. However, that does not end the inquiry.

Here, plaintiff contends that the arrearage should be based upon a calculation of $600.00 per month child support payments. However, I do not agree that *Newton v. Newton* stands for the proposition that one may calculate an arrearage based on an amount that is in excess of the support ordered by the court. There is a difference between allowing a credit for excess overpayments and using the amount of the overpayment to set a new bench mark to determine future arrearage. Here, defendant's obligation under the court order was to pay $500.00 per month for child support. Since August 1, 1990, he should have paid the sum of $3,500.00 in child support. He has paid only $2,850.00. Thus his arrearage is $650.00.

In addition to being in arrears, defendant has not complied with the terms of the court's order calling for payments on the first and fifteenth of every month. Accordingly, the court finds the defendant to have violated the terms of the court decree entered on January 30, 1987. As a penalty, the court fines defendant $500.00. The fine is suspended on condition of defendant's strict compliance in all respects with all decrees of the court. The arrearage shall be paid by defendant to plaintiff at the rate of $50.00 per month beginning March 15, 1991, and on the fifteenth of every month thereafter until the arrearage has been satisfied.

Turning now to the issue of defendant's motion to reduce his child support. The evidence on this issue shows that in 1987, plaintiff's income was in the range of

$9,000.00 to $10,000.00 per year. Her gross income is now $15,600.00 per year, plus an additional $1,200.00 she receives annually in royalty payments.

As to defendant, the evidence was that he operates a landscape architect business. In 1987, he earned approximately $37,000.00 from the business. In 1988, this decreased to approximately $20,000.00, increased in 1989 to $27,000.00, and decreased again in 1990 to $26,000.00. Over the past twelve months, his gross income has averaged $2,170.00. The evidence was that this will continue for the foreseeable future because his business has been adversely affected by the recession in the construction industry.

In reviewing the evidence as a whole, the court finds that there has been a change in circumstances sufficient to justify a reduction in child support. Having made this finding, the court must apply Virginia Code Section 20-108.1 and § 20-108.2. Under § 20-108.1, there is a rebuttable presumption that the child support obligation contained in § 20-108.2 is the correct amount of child support. Here, the evidence is that defendant has a monthly income of $2,170.00 per month. Plaintiff's income is $1,400.00 per month. The total of $3,570.00 per month. Under the child support guidelines, the total child support is determined to be $783.00 per month. Accordingly, based on the income of the parties, the husband's share of the child support is $476.00 per month.

After reviewing the evidence as a whole, the court sees no reason to vary from the guidelines. Accordingly, the court reduces the child support obligation of defendant from $500.00 per month to $476.00 per month effective March 1, 1991. The payments shall be made on the first and the fifteenth of every month as originally provided in the earlier decree.

Finding that both parties have prevailed in part on their motions and finding that neither party has requested an award of attorney fees, the court declines to award attorney fees.