## CIRCUIT COURT OF FAIRFAX COUNTY

Brian Keith Larkins, Jr.

v.

Andrea L. Larkins

February 20, 2003

Case No. (Chancery) 175278

BY JUDGE M. LANGHORNE KEITH

On February 7, 2003, the Court heard argument on the Defendant's Rule to Show Cause entered by Judge Dennis Smith on January 16, 2003. The Rule directed that the Complainant, Brian Keith Larkins, show why he should not be held in contempt for failure to pay child support.

This Court entered a Final Decree of Divorce a Vinculo Matrimonii on December 17th, 2001. Ms. Herndon, the defendant, was granted physical custody of their two minor children. The Final Decree of Divorce reads:

> In accordance with the terms of the Separation and Property Settlement Agreement dated October 18, 2001, Complainant shall pay directly to the Defendant, five hundred dollars per month for child support, monthly payments shall be made in full on the first of each month. In accordance with the terms of the Agreement, the first payment was due on the first day of the first month following the execution of said Agreement by both parties.

The Final Decree incorporated a Property Settlement Agreement entered into by the parties on October 18, 2001. Paragraph 14 of the Property Settlement Agreement reads:

> Modification and Waiver: A modification and waiver of this Agreement shall be effective only if made in writing executed with the same formality as this Agreement. The failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or a similar nature.

In her verified petition and in her testimony in Court, Ms. Herndon stated that Mr. Larkins stopped paying his child support on July 1, 2002, and is in arrears of $4,819 dollars plus interest in the amount of $219 dollars for a total of $5,038 dollars. Mr. Larkins did not contest the fact that he stopped paying child support. In his defense, Mr. Larkins testified that he entered into an agreement with his ex-wife to modify his child support. Mr. Larkins took custody of one of his children, and his wife would retain custody of the other. Mr. Larkins argued that his ex-wife agreed to terminate the child support since he was granted custody of one of their children. At no point did Mr. Larkins petition the Court to approve such an agreement, nor did he petition the Court to modify his child support obligations.

Mr. Larkins asserts that, factually, his case is similar to the situation presented in *Acree v. Acree*, 2 Va. App. 151, 342 S.E.2d 68 (1986). In *Acree* the Court of Appeals held that it would be unjust to hold the father responsible for child support arrears when the parties agreed that child support payments were to be suspended when the father assumed physical custody and total responsibility of the only child, even though he sought no modification of the decree of support.

Although Mr. Larkins argues that *Acree* is controlling, his reliance on such precedent is misplaced. In *Acree*, the Court made it clear that, where only the form or method of the child support payment and not the amount is modified by agreement of the parties, such modification may be proper and Court approval may be obtained *ex post facto*. *See Acree*, 2 Va. App. at 157-58, 342 S.E.2d at 71.

It has long been settled in Virginia that a Court is without authority to retroactively modify past due installments of child or spousal support. *Cofer v. Cofer*, 205 Va. 834, 838-39, 140 S.E.2d 663, 666-67 (1965); *Richardson v. Moore*, 217 Va. 422, 229 S.E.2d 864 (1976); *Alig v. Alig*, 220 Va. 80, 255 S.E.2d 494 (1979); Va. Code § 20-108.

The Supreme Court of Virginia has firmly established that any modification of child support is a matter that rests exclusively with a divorce court and that

court may modify only future support payments. *See Riggins v. O'Brien*, 263 Va. 444, 559 S.E.2d 673 (2002); *Fearon v. Fearon*, 207 Va. 927, 154 S.E.2d 165 (1967); *Newton v. Newton*, 202 Va. 515, 118 S.E.2d 656 (1961). In *Newton* the Court stated:

> It is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and he should not be permitted to vary these terms to suit his convenience. In such a decree, the required payments are fixed according to the needs of the child or children and the ability of the husband to pay. Should these vary from time to time and warrant a change in the terms of the decree favorable to the husband, his remedy is to apply to the court for such relief.

202 Va. at 519, 118 S.E.2d at 659.

Although Mr. Larkins may have presented several significant changes in circumstances, he stands before the Court on a Rule to Show Cause and not a motion to modify his child support obligations. Accordingly, Mr. Larkins and Ms. Herndon were without authority to modify the Child Support obligations without seeking approval of the Court. This Court finds that Mr. Larkins is in arrears of his child support obligations and is ordered to pay to Ms. Herndon $5,037 dollars within 120 days of the entry of the attached order. However this Court declines to hold Mr. Larkins in contempt and withholds its finding until Mr. Larkins is given 120 days to satisfy his arrearage.

### Order

This day, the Court, after hearing testimony and having completed its review of the arguments submitted in Defendant's Rule to Show Cause why the Complainant should not be held in contempt of court, hereby holds Mr. Brian Larkins in arrears of his child support obligation in the amount of $5,037 dollars and orders that Brian Larkins satisfy his arrearage within 120 days of the date of this order and withholds a finding of contempt until Mr. Larkins is allowed 120 days to satisfy his arrearage. The Defendant, after 120, days may petition the court to hold Mr. Larkins in contempt if he fails to satisfy his arrearage.