COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Clements and Senior Judge Willis
Argued at Alexandria, Virginia


SIDNEY H. STOROZUM

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1073-03-4                       JUDGE JERE M. H. WILLIS, JR.
                                                         NOVEMBER 23, 2004
MONICA J. CHERNIN


                FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                      J. Howe Brown, Jr., Judge Designate

            Sidney H. Storozum, *pro se*.

            Monica J. Chernin, *pro se*.


        On appeal from the judgment of the trial court ordering him to pay Monica J. Chernin

$65,416 in child support arrearages, holding him in criminal contempt for violating a juvenile and

domestic relations district court (J&DR court) order, and ordering him to pay Chernin $5,500 in

attorney's fees, Sidney H. Storozum contends the trial court erred (1) in holding him in contempt,

(2) in awarding attorney's fees as a sanction based upon its finding of criminal contempt, and (3) in

ordering him to pay the arrearages.  Chernin contends the trial court erred by refusing to require

Storozum to pay a pro-rata share of the oral surgery expenses of the parties' son.  We affirm in part

and reverse in part.

                                      BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344,

346 (1990).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved that by order entered December 5, 1991, the J&DR court ordered Storozum to pay Chernin child support in the amount of $1,959.17 per month. Storozum did not pay according to the order, although he admits he had the funds available. Storozum claimed that he and Chernin had agreed to change the required support amounts. She denied any such agreement. On April 25, 2002, she moved for judgment for arrearages and for two show cause citations for contempt. The J&DR court awarded Chernin judgment for arrearages in the amount of $66,223 plus attorney's fees, ordered Storozum to pay a portion of the parties' son's oral surgery expenses, and found him not guilty of contempt. Storozum appealed the judgment for arrearages and the requirement that he pay part of his son's oral surgery expenses. Chernin appealed Storozum's acquittal on the contempt charges.

Upon trial *de novo*, the trial court awarded Chernin judgment for arrearages of $65,416, denied her request that Storozum be ordered to pay a portion of the oral surgery bill, held Storozum in criminal contempt for violating the December 5, 1991 J&DR court order, and ordered as a sanction for the contempt that Storozum pay Chernin $5,500 on account of her attorney's fees.

ANALYSIS

I. and II.

Storozum contends in regard to the contempt conviction that the trial court "never acquired jurisdiction of the matter, since [Chernin] did not file a <u>criminal</u> appeal," that Chernin was "constitutionally barred from appealing a criminal acquittal," and that "[t]he evidence presented to the court did not support a finding that [he] willfully violated the [support] order." He further contends that the trial court erred in awarding attorney's fees "as a sanction for its finding of criminal contempt because" the finding of "contempt was erroneous in the first place," and because "the sanction is erroneous as a matter of law in that it provides a civil remedy to

[Chernin], but does not provide that [he] can purge himself of the contempt through payment of the . . . award."

The J&DR court's acquittal of Storozum on the criminal contempt charges was a final and conclusive disposition, forestalling, under principles of double jeopardy, any further prosecution. Consequently, the attorney's fees award, a sanction imposed by the trial court adjunct to the criminal contempt conviction, was also error. Therefore, we reverse the trial court's judgment holding Storozum in criminal contempt and its imposition of the attorney's fees sanction.

Chernin filed in the J&DR court two show cause motions, the first on April 25, 2002 and the second on August 26, 2002. Both motions sought findings of contempt and the award of attorney's fees for failure to obey that court's December 5, 1991 order. Both cited Code § 18.2-456, the criminal contempt statute. Thus, both motions sought judgments of criminal contempt. The processes issued on those motions stated on their faces that they were citations for criminal contempt. The J&DR court, by its September 11, 2002 order, found father not guilty of those asserted criminal contempts.

The Fifth Amendment protection against double jeopardy "guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999) (citations omitted). The trial court impermissibly found Storozum guilty of criminal contempt following his acquittal by the J&DR court of the same charge.

The trial court's award of attorney's fees was based on a criminal contempt conviction. Its order recites that Storozum was found in criminal contempt for violating the December 5, 1991 J&DR court order. It ordered Storozum to pay Chernin "the sum of Five Thousand Five

Hundred ($5,500) on account of attorney's fees incurred herein with interest accruing at the judgment rate of interest until paid in full, which said amount is the Court's sanction for [Storozum's] violation of the Order of December 5, 1991." Because the attorney's fees award was a sanction based upon the erroneous criminal contempt conviction, we reverse that award.

III.

Storozum next contends that the trial court erred in ordering him to pay Chernin $65,416 in support arrearages. He argues that she "failed to act in a timely manner" by making her claim ten years after the arrearages began; that she "made representations both to [him] and to the court that support had changed by agreement, upon which [he] relied to his detriment"; that a portion of the arrearage award consists of "expenses which were never actually incurred by" her; and that "the remaining portions of the arrearage awarded consist of reductions in child support upon the children reaching the age of majority, which follow provisions incorporated into the parties' decree of divorce" upon which he relied. He does not challenge the sufficiency of the evidence supporting the arrearage award.

> Our decisions have firmly established that any modification of child support is a matter that rests exclusively with a divorce court and that a court may modify only future support payments. See, e.g., Fearon v. Fearon, 207 Va. 927, 154 S.E.2d 165 (1967); Cofer v.Cofer, 205 Va. 834, 140 S.E.2d 663 (1965); Newton v. Newton, 202 Va. 515, 118 S.E.2d 656 (1961). In Newton, we stated the following:
>
> "[I]t is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and . . . he should not be permitted to vary these terms to suit his convenience. In such a decree the required payments are fixed according to the needs of the child or children and the ability of the husband to pay. Should these vary, from time to time, and warrant a change in the terms of the decree favorable to the husband, his remedy is to apply to the court for such relief." 202 Va. at 519, 118 S.E.2d at 659.

Riggins v. O'Brien, 263 Va. 444, 447-48, 559 S.E.2d 673, 675 (2002).

Storozum acknowledges that the 1991 order "is a valid and legal order." The trial court found "there never was any agreement [between the parties] to modify" the 1991 order. The evidence disclosed that Chernin told Storozum repeatedly that "he wasn't doing it right." He simply reduced his support payments based upon his perceived changes in circumstances. The trial court further found that "there's no basis in this case to give credit for any such unincurred expenses. The 1991 order does not provide for the reduction in support payments upon mother not incurring certain expenses and there is no evidence in the record that the parties agreed to such a modification." The evidence amply supports the trial court's conclusion that Storozum simply took "credit along the way for what he calls these unincurred expenses" without moving the court to change his support obligation.

Storozum asserted in argument that Chernin is barred from recovering arrearages by the principles of laches and equitable estoppel. He addressed neither argument to the trial court. We will not address them on appeal. Rule 5A:18. Furthermore, the trial court's findings that Storozum and Chernin made no agreement providing an effective alternate to the December 5, 1991 order and that Chernin had proceeded properly under that order forestalls the operation of either principle.

The 1991 order superceded the support provision of the divorce decree. While the order recited component considerations, it imposed a unitary obligation not modifiable without court approval. It was Storozum's responsibility, upon perceiving changing circumstances or an agreement justifying a change in his support obligation, to obtain court approval of that change. Neither ignorance of that obligation nor reliance upon Chernin's alleged agreement excuses that duty. Without court approval of a change, Storozum remained obligated under the J&DR court's order. We find no error in the trial court's arrearage award.

IV.

Chernin contends the trial court erred in refusing to require Storozum to pay a pro-rata share of the parties' youngest son's oral surgery bill. She contends that his share of the bill is $630.83. She argues that this expense was an "extraordinary medical expense" pursuant to Code § 20-108.2(D) and that Storozum should be required to pay his part.

Code § 20-108.2 provides "guidelines" for the determination of child support. A court may deviate from the guidelines upon a finding that the "guidelines would be unjust or inappropriate in a particular case." Code § 20-108.2(A). The deviation "shall be determined by relevant evidence" pertaining to certain factors set out in the statute. Id. "If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal." Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).

Upon reviewing the evidence and "considering all the other trade-offs" between the parties, the trial court concluded that it would be fundamentally unfair to require Storozum to pay a portion of the dental bill. We find no abuse of discretion in the trial court's deviation from the guidelines and affirm its refusal of this award.

Furthermore, while Code § 20-108.2(D) permits a court to require payment of extraordinary medical expenses, the December 5, 1991 order contained no such provision. In initiating this case, Chernin did not seek modification of the December 5, 1991 order, but only judgment for arrearages due under that order. We find no abuse of discretion in the trial court's refusal to reopen the determination of support.

We reverse the trial court's judgment holding Storozum in criminal contempt and the imposition of the attorney's fees sanction. We affirm the arrearage award and the denial of

Chernin's motion to require Storozum to pay a pro-rata share of the parties' son's oral surgery bill.

<u>Affirmed, in part, and</u>
<u>reversed, in part.</u>
