# Richmond

## W. H. CAPELL v. GEORGIA LEE CAPELL.

March 14, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning
and Chinn, JJ.

The opinion states the case.

*James G. Martin* and *Tom E. Gilman,* for the appellant.

*Robert B. Albertson* and *William G. Maupin,* for the appellee.

HOLT, J., delivered the opinion of the court.

On February 25, 1924, Mrs. Capell obtained a decree of divorce from her husband on the ground of adultery. That decree makes these provisions for alimony and suit money:

"And the said court doth further adjudge, order and decree that the said W. H. Capell shall pay to the said Georgia Lee Capell monthly, on the 15th day of each month, so long as they both shall live, or until further ordered by this court, the sum of one hundred and twenty-five dollars ($125) for the maintenance of the said Georgia Lee Capell and her daughter, Margaret. And it is ordered that the said W. H. Capell shall pay unto the said Georgia Lee Capell her costs by her in this behalf expended, including a fee of $75 as counsel's fee for conducting this suit. And it is further ordered that neither of the parties shall marry again within a period of six months. This cause may now be removed from the docket."

Afterward, on March 1, 1930, Mr. and Mrs. Capell entered into this agreement:

"This agreement made and entered into this first day of March, 1930, between W. H. Capell of the first part, and Georgia Capell, party of the second part:

"Whereas the said W. H. Capell, by decree of the Court of Hustings of the city of Portsmouth, is now directed to pay to the said Georgia Capell, his former wife, the sum of one hundred and twenty-five dollars ($125) per month for the support of herself and her daughter, and whereas, her said daughter has married since the date of the said decree, and it is desired to modify the arrangement for the support of the said Georgia Capell alone;

"Now therefore, it is hereby agreed that the said W. H. Capell from the date of this contract shall pay to the said Georgia Capell for her support in satisfaction of the terms of the said decree the sum of fifty dollars ($50) each month, beginning on the first day of March, 1930, for the term of two years, and thereafter until the death of either party the sum of forty-five dollars ($45) per month, in like monthly instalments. The said Georgia Capell hereby acknowledges receipt of first instalment of fifty dollars on this

date, and agrees to accept the terms of this instrument in full satisfaction. All of the said instalments shall be mailed by said W. H. Capell to the said Georgia Capell at her present residence, 953 North street, Portsmouth, Virginia, or to such future address as she shall indicate by writing.

"Witness the following signatures and seals.

"W. H. CAPELL  (Seal)

"MRS. GEORGIA CAPELL (Seal)."

The instalment of $45 promised for March, 1934, was not paid. Application was made for a rule against the defendant to show cause why he should not be punished for his failure to pay. It came on to be heard in due course. He said that he was earning $240 a month as an engineer of the Seaboard Air Line railroad; that he was married again and had one child by his present wife. By way of defense he contends that the decree for alimony was superseded by the contract of March 1, 1930, and that his present obligation to pay rests on contract alone. The defendant was adjudged to be in contempt and from that judgment he has appealed.

■■ We are to determine if the provisions for support in the decree of February 25, 1924, are superseded by the contract afterward made, and if so, had these parties power to make such a contract *in pais*.

Neither contention is sound. Its declared purpose was to modify the arrangements theretofore made and to pay a smaller sum in satisfaction of the monthly payment of $125 with which Mr. Capell was assessed in the decree of divorce.

*Supersede* means to suspend, annul, overrule, set aside, make void, obviate, neutralize, while to modify is to shape, alter, change, vary, give new form to. Soule's Dictionary of Synonyms. Of course there were changes. Otherwise there would have been no occasion for these parties to undertake to contract at all. They modified the arrangement theretofore made and in satisfaction of the $125 agreed to pay $45 a month "until the death of either party," while the $125 a month was to be paid "so long as they both shall live."

The daughter was married and independent; support from the father was no longer necessary, and in this changed condition a reduction of the assessment first made seemed fair and reasonable. But there is no reason to believe that the wife intended to surrender her power to collect the smaller sum which she had agreed to take. She was willing to vary but not to make void the obligation which the court had put upon her husband. An intention to do more should be made plain.

Let us assume that there was such an intention. The payments decreed were to be made "so long as they both shall live or until the further order of this court." That is to say, the court retained jurisdiction and the power to modify its decree as to alimony to meet the changed condition of the parties, and this it had a right to do. *Brinn* v. *Brinn*, 147 Va. 277, 137 S. E. 503. The case is entirely different from that in which the parties, pending a final decree, enter into an agreement respecting their property rights which the court adopts and approves. *Barnes* v. *American Fertilizer Co.*, 144 Va. 692, 130 S. E. 902.

A decree for alimony is something more than an order for the payment of money. A husband who has wronged his wife must continue to contribute to her support. A decree for alimony "is an order compelling a husband to support his wife, and this is a public as well as a marital duty—a moral as well as a legal obligation." *Branch* v. *Branch*, 144 Va. 244, 132 S. E. 303, 305.

"It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. * * * And in *Recht* v. *Kelly*, 82 Ill. 147 (25 Am. Rep. 301), * * * the general principle is stated to be that 'laws enacted from considerations of public concern, and to subserve the general welfare cannot be abrogated by mere private agreement.'" *Walter* v. *Walter*, 189 Ill. App. 345.

In that case, after a divorce, the wife agreed to surrender weekly alimony payments in consideration of assignment

to her by the husband of a policy of insurance on his life, he to pay premiums. That court said: "We hold before such an agreement can be binding and conclusive its fairness in equity must be made manifest to the court having jurisdiction, and that its approval must appear of record."

In *Gewirtz* v. *Gewirtz*, 189 App. Div. 483, 178 N. Y. Supp. 738, 740, the court said: "It is the settled law of this State that the only method by which a decree of separation can be revoked is that prescribed by section 1767 of the Code of Civil Procedure, and the only method by which the provision therein for alimony may be annulled is that set forth in section 1771, and in each instance it can only be done by the court. No agreement of the parties has any effect on the decree unless it is ratified and made effective by judicial sanction. *Jones* v. *Jones*, 90 Hun 414, 35 N. Y. S. 877; *Hobby* v. *Hobby*, 5 App. Div. 496, 39 N. Y. S. 36. The decree in this case, therefore, remained in full force and effect."

In *Bailey* v. *Bailey*, 119 Misc. 433, 196 N. Y. Supp. 340, 342, there was a decree for separation and alimony. The parties effected a temporary reconciliation and agreed that said judgment should be null and void. After a second separation the wife undertook to recover unpaid instalments. The husband in defense vouched the agreement made. The court in its discussion said: "It is immaterial whether or not such an agreement was made, as no claim is made that it was ever carried into effect by an order of the court which granted the judgment. It is not competent for the parties to a matrimonial action by mere agreement between themselves to amend or revoke a judgment or even modify the alimony provisions thereof. That can only be done in the manner provided by statute."

In *Gewirtz* v. *Gewirtz, supra,* such an agreement was held to be against public policy.

In *Sessions* v. *Sessions,* 178 Minn. 75, 226 N. W. 211, 701, it appears that the parties entered into a post-nuptial agreement. In it is this provision; following detailed agreements about matters pecuniary: "Each of the parties to

this agreement accepts the stipulation hereof in lieu of any other right, claim, interest or demand against or upon the other or in or to the property or estate of the other growing out of the marital relation * * *."

The court said that such an agreement might have been incorporated into the decree of divorce, but that the right of the court to deal with alimony could not be ousted by agreement, that it was an inherent right, and the "parties may not, by agreement, oust the court of jurisdiction to award alimony or to punish for contempt a failure to comply with the judgment awarding alimony."

In *Erickson* v. *Erickson*, 181 Minn. 421, 232 N. W. 793, 795, there was also an agreement entered *pendente lite* but which was not adopted by the court. It said: · "Speaking of agreements of the parties affecting the amount of alimony, 19 C. J., page 252, states: 'Such an agreement will be sustained if the interests of the wife are amply protected thereby; but the court is not bound by the agreement and may disregard it, especially where it is unfair and inequitable or the amount is inadequate.' Under our statute giving the court the same powers in revising a decree for alimony as it had in the original action, it seems entirely consistent to hold that it may on such revision disregard an agreement of the parties on the subject."

*Apfelbaum* v. *Apfelbaum*, 111 N. J. Eq. 529, 162 Atl. 543, 544, 84 A. L. R. 298, deals with the same subject. The court said: "The jurisdiction not only exists while that relation persists, but by the express language of the Divorce Act, section 25, 2 Comp. St. 1910, page 2035, continues after decree of divorce; and it necessarily includes the power, in cases where the wife is entitled to alimony, to regulate the amount of such alimony from time to time, to supervise agreements between the parties in that regard, to enforce them if deemed just, and to decline to recognize them otherwise."

The power of a trial court in Virginia to award alimony is incidental, inherent and express. *Brinn* v. *Brinn, supra; Bray* v. *Landergren,* 161 Va. 699, 172 S. E. 252;

Code, section 5111. After final decree it has power to retain jurisdiction to enter such further orders dealing therewith as may to it appear necessary and proper. That power, in the instant case, was expressly retained.

Because it is retained and because it touches a public as well as a marital duty, jurisdiction cannot be ousted by any agreement of the parties *in pais* which the court itself does not adopt and approve.

That agreement has, by implication, been adopted. In substance it is a modification of the original decree and substitutes for the $125 a month which the defendant was required to pay, $45 a month. But the power to enforce its decree as modified has not been surrendered. It follows that the decree appealed from should be affirmed, and it is so ordered.

*Affirmed.*