## Richmond

### HAZEL A. RICHARDSON V. SAMUEL J. T. MOORE, JR., CHAPMAN L. HARRISON AND LAWRENCE L. GOODALL, JR., EXECUTORS, ETC.

November 24, 1976.

Record No. 751116.

Present, All the Justices.

*Joseph E. Blackburn, Jr.,* for appellant.

*Samuel J. T. Moore, Jr. (Moore and Pollard,* on brief), for appellees.

Per Curiam.

Hazel A. Richardson (appellant) and Julian L. Richardson (Richardson) were divorced from the bonds of matrimony by decree entered August 16, 1935. Richardson was ordered to pay appellant $75 per month "for the support of herself and the said infant child [Julian L. Richardson, Jr.] until the further order of Court but with the right to both of said parties to petition the Court to increase, decrease, or cause to cease, such alimony, as the circumstances may make proper. . . ."

When the infant child attained his majority in August 1949, Richardson, without seeking court approval, reduced payments to $60 per month, effective September 1, 1949. At that rate, he made regular payments until his death in August 1974. By letter dated September 30, 1949, appellant objected to the reduction but thereafter accepted the reduced payments without further complaint.

On April 23, 1975, appellant filed a motion for revival of judgment against Samuel J. T. Moore, Jr., Chapman L. Harrison, and Lawrence L. Goodall, Jr., executors of Richardson's estate (appellees), seeking $4,500 in arrearages of support payments. Appellees filed a demurrer asserting laches, an answer alleging laches and acquiescence, and a plea of the statute of limitations. After considering appellant's deposition and certain exhibits filed by both parties, the trial court, in a letter opinion dated June 10, 1975, found that appellant's claim "is barred by laches, or that she is estopped from asserting a stale right by acquiescing in decedent's noncompliance with the Court order", and by final order entered June 24, 1975 ruled "that defendants' Demurrer be, and same is hereby sustained".*

In *Capell* v. *Capell*, 164 Va. 45, 178 S.E. 894 (1935), the trial court had adjudged a husband in contempt for noncompliance with an alimony decree. On appeal, the husband argued that the decree had been "superseded" by a subsequent contract signed by the wife which reduced the payments decreed. Rejecting that argument and affirming the judgment, we held that since the trial court had retained jurisdiction respecting alimony until the further order of the court "and because it touches a public as well as a marital duty, jurisdiction cannot be ousted by any agreement of the parties *in pais* which the court itself does not adopt and approve." *Id.*, 164 Va. at 52, 178 S.E. at 896.

If a wife's active contractual consent does not excuse a husband's noncompliance with a court's alimony decree, a wife's passive acquiescence does not, and we so hold.

But appellees argue that where, as here, a wife has slept on her rights until the husband's death, a trial court has the power to relieve the husband's estate of arrearages in past due payments. We disagree. Laches is an equitable defense, but " 'even a court of equity, in an effort to do equity, cannot

---

* A ruling on a demurrer is a determination of the sufficiency of the challenged pleading, while ordinarily a ruling on a question of laches is a merits determination in a chancery cause. However, both parties treat the final judgment order as a merits determination in an action at law and, for purposes of this opinion, we will do the same.

The trial court made no ruling on the plea of the statute of limitations. Because the question is not raised on appeal, we express no opinion whether Code § 8-396 (Cum. Supp. 1976) applies to the lien of a recorded support decree (*see Durrett* v. *Durrett*, 204 Va. 59, 62, 129 S.E.2d 50, 52 (1963)) or, if so, whether the statute had run against any portion of appellant's judgment.

disregard the provisions of a lawful decree. ...' " *Fearon* v. *Fearon*, 207 Va. 927, 931, 154 S.E.2d 165, 168 (1967). While there is contrary authority in other jurisdictions, we adhere to rules respecting child support awards which we adopted earlier:

> "[I]n the absence of statute, payments exacted by the original decree of divorce become vested as they accrue and the court is without authority to make any change as to past due installments." *Cofer* v. *Cofer*, 205 Va. 834, 838, 140 S.E.2d 663, 666 (1965).

> "[I]t is the obligation of the divorced husband to pay the specified amounts according to the terms of the decree and ... he should not be permitted to vary these terms to suit his convenience. [If conditions change] ... his remedy is to apply to the court for ... relief." *Newton* v. *Newton*, 202 Va. 515, 519, 118 S.E.2d 656, 659 (1961).

Appellees suggest no reason, and we perceive none, why the same rules do not apply to awards of support for a spouse or to unitary awards of support for a spouse and dependent children.

The decree is reversed and final decree for appellant will be entered here in the sum of $4,500 with interest from the date of our mandate.

*Reversed and final decree.*