Alexandria
RAYMOND P. MARTIN
v.
TERRI L. MARTIN BALES
No. 1283-86-4
Decided September 6, 1988

COUNSEL

Gregory E. Stambaugh (Brown, Hopkins & Stambaugh, on brief), for appellant.

Richard F. Wheeler (Richard McMahon, Legal Services of Northern Virginia, Prince William Legal Aid Branch, on brief), for appellee.

OPINION

**BAKER, J.** — In this appeal from a decree entered in the Circuit Court of Prince William County (circuit court), Raymond P. Martin (husband) asserts that the circuit court erred in holding that pursuant to a Juvenile and Domestic Relations District Court (district court) spousal support order he is indebted in the sum of $5,950 to Terri L. Martin Bales (wife), to whom he was formerly married. In lieu of a transcript of the relevant proceedings that led to the circuit court decision this matter was submitted to us on the circuit court's statement made pursuant to Rule 5A:8(c). A summary of that statement viewed in the light most favorable to the prevailing party is as follows:

On June 21, 1983, an order was entered in the district court directing husband to pay wife $175 per month spousal support.[1] On July 1, 1983, husband perfected an appeal from that order to the circuit court, but as required by Code § 16.1-298, he proceeded to make monthly payments as ordered. On December 20, 1983, the circuit court entered a final decree of divorce dissolving the marriage between the parties. The divorce decree was silent as to spousal support and husband made no further payments after December 1983. In the interim, between July 1 and December 20, 1983, no action was taken in the circuit court with regard to the July 1, 1983 appeal.

After the divorce decree was entered, wife, a nonresident of Virginia, pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Act, filed a petition in the State of New York that sought "to enforce support payments."[2] The New York court forwarded the petition to the district court and the matter was heard on March 26, 1984. The district court vacated its previous support order, noting: "Non-support Rule (civil) dismissed. Decree of Divorce entered 12/83." Wife was not present at that hearing. No appeal was taken from the March 26, 1984 order vacating the June 21, 1983 support order.[3] In November 1985, wife filed a direct petition in the district court again requesting a hearing on the issue of husband's failure to make payments pursuant to the June 21, 1983 order. A hearing was held in the district court on March 3, 1986, as a result of which, on April 17, 1986, that court entered an order finding that pursuant to the June 21, 1983 order, husband was required to pay for the months of January, February and March, 1984, but not thereafter because wife had failed to appeal the district court order entered in March 1984. Wife appealed the April 1986 decision to the circuit court.

On May 20, 1986, the circuit court heard wife's appeal and decided:

1. That because husband had perfected an appeal of the June 21, 1983 order of the district court to the circuit court, the

---

[1] It was this order that constituted the basis for the circuit court finding that $5,950 arrearages was due.

[2] The statement of facts does not recite the date the petition was filed.

[3] The record does not indicate whether wife was notified of the district court action.

district court was without jurisdiction of the matter in March 1984;

2. That the order appealed from on July 1, 1983 was still active, valid and enforceable because it had not been heard in the circuit court; and

3. That the entry of the divorce decree on December 20, 1983 did not vacate the district court order of spousal support.

When it made the above findings, the circuit court declined to determine the amount of arrearages, urging the parties to agree as to the sum due wife. When an agreement was not forthcoming, by order entered on October 27, 1986, the circuit court found that no payments had been made between January 1984 and October 1986 and established the arrearages to be $5,950. From its inception, this cause was civil and all its proceedings were civil in nature.

Husband first argues that the circuit court erred when it held that his appeal of the June 21, 1983 district court support order "removed jurisdiction from that Court and properly placed jurisdiction in this [circuit] Court." Code § 16.1-241 sets forth the subject matters over which the juvenile and domestic relations district courts have jurisdiction. In applicable part that section provides:

Except as hereinafter provided, each juvenile and domestic relations district court shall have, within the limits of the territory for which it is created, exclusive original jurisdiction, and within one mile beyond the limits of said city or county, concurrent jurisdiction with the juvenile court or courts of the adjoining city or county over all cases, matters and proceedings involving:

\* \* \* \*

L. Any person who seeks spousal support after having separated from his or her spouse.

Subparagraph L. was amended in 1983, adding two sentences:

L. Any person who seeks spousal support after having separated from his or her spouse. *A decision under this subdivision shall not be res judicata in any subsequent action for spousal support in a circuit court.* A circuit court shall have concurrent original jurisdiction in all causes of action under this subdivision.

(emphasis added).

Code § 16.1-244, in effect in June 1983 and March 1984, gave the district court concurrent jurisdiction with any court on matters of habeas corpus, guardianship, visitation or support, but "provided that when a circuit court shall have taken jurisdiction thereof by entry of an order relating to . . . support . . . (the district court) shall be divested of . . . jurisdiction."[4]

■ Code § 16.1-298 provides that an appeal shall not suspend any order of the juvenile court unless ordered by the judge of the juvenile court or circuit court, or directed by an appellate court. Prior to husband's perfecting his appeal to the circuit court no suspension order was entered. Subsection B of Code § 16.1-298 provides that, although suspensions in the stated cases may be permitted upon petition, that subsection does not apply to "an order of support of a spouse." It is obvious that the legislature intended continuity of such orders pending appeal. *See Walker v. Department of Public Welfare,* 223 Va. 557, 561, 290 S.E.2d 887, 889 (1982).

■ Thus, the statutes provide that when a suit for divorce has been filed and spousal support is at issue, the district court is divested of jurisdiction to enter *any* further decrees or orders relating to support except *to enforce* its orders entered prior to an order of the circuit court. Orders of the district court requiring support of a spouse remain in full force and effect until reversed

---

⁴ Code § 16.1-244 was amended after the complained of orders in this case were entered and in relevant part now provides:

[W]hen a suit for divorce has been filed in a circuit court and . . . spousal support is at issue, the juvenile and domestic relations district courts shall be divested of the right to enter any further decrees or orders and such matters shall be determined by the circuit court unless both parties agreed to the referral . . . . Nothing in this section . . . shall deprive the juvenile and domestic relations district courts of the jurisdiction *to enforce* its orders prior to the order of any circuit court . . . .

(emphasis added).

or modified by the court to which an appeal has been perfected, or until the entry of a decree in a suit for divorce instituted in a circuit court, in which decree provision is made for spousal support. Code §§ 16.1-244, 16.1-298, 20-74, 20-79; *see also Werner v. Commonwealth*, 212 Va. 623, 624, 186 S.E.2d 76, 77-78 (1972).

If by its order the circuit court meant that the district court was without jurisdiction to enforce its support order it was in error; however, we view the circuit court order to mean that the district court was without jurisdiction to enter the March 26, 1984 and April 17, 1986 orders that vacated or modified its June 21, 1983 support order. The 1983 order had been appealed to the circuit court and was still pending, and during all relevant times here, only that court could vacate or modify its terms.

The district court apparently believed it no longer had authority to enforce the provisions of its June 21, 1983 support order because of the entry of the divorce decree. That decision was erroneous.

> We think it is clear from these statutes that a support order of a juvenile and domestic relations court continues in full force and effect notwithstanding the entry by a court of record of a divorce that is silent as to support.

*Werner*, 212 Va. at 625, 186 S.E.2d at 78. Thus, the December 20, 1983 divorce decree had no effect on the June 21, 1983 district court order.

Husband further argues that even if the district court was not empowered to vacate its previous support order, wife was estopped from proceeding with her appeal from the April 17, 1986 district court order because she failed to appeal the March 26, 1984 district court order. We disagree.

Husband correctly asserts that "[i]t is well established that the doctrine of estoppel is an equitable doctrine." It is also "a well established rule of courts of equity not to assist one wrongdoer against another — a doctrine expressed in the maxim that he who comes into equity must come with clean hands." *Helsley v. Fultz*, 76 Va. 671, 675 (1882). If without legal excuse one does not comply with a lawful decree requiring him to pay support monies, he

does not meet the requirements of that doctrine and may not use "equity" as a defense. Husband failed to comply with the June 21, 1983 support order and cannot prevail on his claim that wife is estopped from proceeding with her appeal.

In *Richardson v. Moore*, 217 Va. 422, 229 S.E.2d 864 (1976), an unitary award was outstanding for spousal and child support. The child became an adult and, without seeking court approval, the husband reduced the monthly payments by sixty dollars. For the next twenty-five years with the apparent acquiescence of wife husband paid the lesser amount. Wife petitioned for an award, claiming she was due sixty dollars for each month of the twenty-five years of noncompliance. The trial court held that she was "barred by laches, or that she is estopped from asserting a stale right by acquiescing in (husband's) non-compliance with the Court order." The Supreme Court reversed, saying that laches "is an equitable defense, but 'even a court of equity, in an effort to do equity, cannot disregard the provisions of a lawful decree. . . .' " *Id.* at 423-24, 229 S.E.2d at 866 (quoting *Fearon v. Fearon*, 207 Va. 927, 931, 154 S.E.2d 165, 168 (1967)). An adequate remedy was available to husband to seek relief from the June 21, 1983 district court support order by having the appeal he perfected on July 21, 1983 determined by the circuit court rather than erroneously relying on the divorce decree, which was silent as to spousal support.

The circuit court entered the only order it could, as a court is without authority to modify its decree retroactively and relieve a party of the obligation to pay past due installments. *See Cofer v. Cofer*, 205 Va. 834, 839, 140 S.E.2d 663, 667 (1965); *Newton v. Newton*, 202 Va. 515, 519, 118 S.E.2d 656, 659 (1961). Husband may not invoke the principles of estoppel or laches to bar rights granted to wife by the lawful decree that the district court was without authority to vacate or modify.

For the reasons stated, the judgment of the circuit court is affirmed.

*Affirmed.*

Koontz, C.J. and Hodges, J., concurred.