## CIRCUIT COURT OF FREDERICK COUNTY

Charles W. W. Stultz

v.

Eleanor Louise O. Stultz

June 6, 1989

Case No. (Chancery) 88-166

By JUDGE ROBERT K. WOLTZ

This is a suit by the complainant praying that he be found in compliance with a property settlement agreement entered into by him and his former wife and in compliance with a subsequent divorce decree, and finding that he is not indebted to her and that she be enjoined from taking action against him to enforce the agreement and decree other than in this court. The defendant former wife filed answer, cross-bill, and demurrer. At issue at this time is the demurrer. The basis for it is that this court has no authority to modify the complainant's obligation with respect to any past due installments under the divorce decree or to enjoin the defendant from taking legal action in another jurisdiction. The demurrer is in those respects sustained.

The defendant obtained a divorce decree *a vinculo* from the complainant in the Circuit Court of York County, June 25, 1968. The parties had entered into a property settlement agreement prior to the divorce suit providing among other things the agreement of the complainant here to pay the defendant here certain sums for her "support and maintenance." The divorce decree stated that the court "approves and affirms the provisions of [the property

settlement agreement] and incorporates the same as a part of this Decree," reserving the right to make further orders respecting support and custody of the child. That decree also specifically orders the complainant here to pay the monthly spousal support provided for in the agreement though it did not specifically order him to comply with an additional support provision requiring a payment of a percentage of the excess of his income above a certain sum.

This suit was actuated by the defendant taking action under the Revised Uniform Reciprocal Enforcement of Support Act, §§ 20-88.12 *et seq.*, particularly in registering the divorce decree containing the support provisions under Section 20-88.30:2 in the Circuit Court of Hampshire County, West Virginia, where the complainant owns real estate. The coordinate reciprocal provisions in that State appear in West Virginia Code Section 48A-7-37. The judge of the Circuit Court of Hampshire County has stayed further proceedings on her registry of the Virginia decree pending further proceedings in the instant suit.

To what extent the complainant may have complied with the divorce decree is a fact issue, which in the opinion of this court is ultimately best decided by the West Virginia court where the defendant seeks enforcement of her claim for support. In that regard, however, the demurrer raises legal points which this court will decide, and being based on Virginia law, decision may be of some assistance to the foreign court.

The complainant alleges in support of his claim making support payments in full without any being due the defendant, that he has made payments *inter alia* by expending sums in the purchase of a residence for the defendant in both their names as joint tenants with right of survivorship. Neither those payments nor any other similar payments made by the complainant outside the express terms of the decree can be applied to the support amounts of the decree. Virginia cases hold that payments not made precisely in conformance with the terms of a support order are not allowable as credits against the support payments so ordered, *Fearon v. Fearon*, 207 Va. 927 (1967); and the payor under an order of support must pay according to the terms of the order and may not vary those terms to suit his convenience, *Newton v. Newton*, 202 Va. 515 (1961).

Second, any support payments ordered which may be past due vest as they accrue and the support order may not be retroactively modified. *Cofer v. Cofer*, 205 Va. 834 (1965), and *Capell v. Capell*, 164 Va. 45 (1935). Therefore, any payments made by the complainant to purchase a residence in joint names or otherwise which are not in conformance with the support order cannot be credited against any support payments he may owe. If any should be owed, they are fully vested for the benefit of the defendant and no retroactive modification of such vested amounts may be had.

Complainant maintains that the provisions for support of the defendant are purely contractual in nature and only contractual remedies are available to her because the support provisions of the agreement are not part of the divorce decree. The complainant first argues that such agreement was not "incorporated by reference" into the decree, and without that statutory language, Code Section 20-109.1, *in haec verba*, there is no such incorporation. There is no merit to this contention. The divorce court specifically referred to the settlement agreement, approved and affirmed it and expressly incorporated it as a part of the decree. Under such circumstances, there can be no question as to the effect of the decree respecting the agreement. To say that failure to use some such magical words results in no incorporation of the agreement into the decree fails in the face of the plain words and meaning of the decree itself.

The complainant further asserts that though incorporated into the decree, the provisions of the agreement are not enforceable as a term of the decree and cannot constitute a lien on the complainant's real estate. *Martin v. Martin*, 205 Va. 181 (1964), held that where such an agreement is confirmed and made a part of a divorce decree but the decree does not expressly order compliance with the agreement, it is not a decree for alimony and in the context of that case, failure to pay the sums would not be a basis for contempt. Other cases hold that a decree approving a contract "in lieu of alimony" is unlike a decree for alimony and so does not constitute a lien on real estate of the obligor nor can it be enforced in divorce proceedings. *Id.*; *Higgins v. McFarland*, 196 Va. 889 (1955); *Durrett v. Durrett*, 204 Va. 59 (1963).

In view of § 20-109.1, it is unnecessary to decide whether there is a decree for alimony or one approving a contract in lieu of alimony. In part that code section provides:

> Any court may affirm, ratify, and incorporate by reference in its . . . decree of divorce . . . any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them . . . Where the court affirms, ratifies, and incorporates by reference in its decree, such agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree and enforceable in the same manner as any provision of such decree.

This statute was adopted in 1970 prior to the rendition of the divorce decree. On that basis, ordinarily it would not have application to the present issue, and *Martin* and the other cases cited along with it might still be effective. The statute, however, though subsequently amended from time to time, contained in it and still contains this additional provision: "The provisions of this section shall apply to any decree hereinbefore or hereinafter entered affirming, ratifying, and incorporating an agreement as provided herein." Furthermore, the decree in addition to incorporating the agreement by reference specifically decreed as to the monthly support payments to be made by the complainant here. The arguments of the complainant are unpersuasive that the provisions of the property agreement are not a part of the divorce decree and are therefore not enforceable as provisions of it.

The demurrer is also sustained as to complainant's request for an injunction against defendant's prosecution of any matter related to this suit in any other jurisdiction. The registry by the defendant of the divorce decree in West Virginia where the complainant has estate is merely commencement of a proceeding to enforce the decree under the uniform reciprocal at for that purpose. Determination of the legal effect of the decree and enforcement of it are two distinct matters. The first has not inappropriately been settled in this forum. The second under the circumstan-

178

ces appropriately lies in the province of the foreign forum.