## CIRCUIT COURT OF THE CITY OF ROANOKE

Isabelle C. Carter

v.

Marshall Edward Hall, Jr.

June 19, 1997

Case No. CH97-143

BY JUDGE ROBERT P. DOHERTY, JR.

During the course of his divorce case, on August 7, 1963, Defendant was ordered to pay $30.00 per week as a unitary award of child support for his two infant daughters. Both children were ultimately emancipated by marriage, the last occurring in April 1976. Defendant has paid $90.00 of his total child support obligation. Plaintiff, the Defendant's ex-wife, filed a petition for child support arrearage in the Juvenile and Domestic Relations District Court for the City of Roanoke on November 11, 1996. She now appeals the adverse decision of that court claiming that contrary to the argument of the Defendant, the defense of laches and/or the statute of limitations is not available to one who willfully fails to obey a child support order. Defendant also argues, and Plaintiff denies, that Plaintiff had forgiven the child support obligation years ago because the receipt of it caused a diminishment in the military dependent's allowance that the Plaintiff and her new husband received. The Court agrees with the positions taken by the Plaintiff.

The question of whether the parties could, by agreement, amend the child support order so that weekly payments were not required is governed by the case of *Goodpasture v. Goodpasture*, 7 Va. App. 55 (1988), wherein the Court said that:

Parties cannot contractually modify the terms of a support order without the court's approval. [Citations omitted.] Nor does a party's passive acquiescence in nonpayment of support operate to bar that party from later seeking support arrearage.

Notwithstanding this, the Court finds that the Defendant has not born the burden of proving such an agreement.

The Plaintiff is correct in her argument that the doctrine of laches does not apply to this case. "The equitable defense of laches is not a defense to the failure to comply with the terms of a support decree." *Wheeler v. Wheeler*, 1994 Va. App. LEXIS 426 (1994); and *Richardson v. Richardson*, 217 Va. 422 (1976).

The final argument of the Defendant deals with the statute of limitations. He points out that more than twenty years have elapsed since the date the final child support payment was due on the judgment of child support and that the statute of limitations for the enforcement of judgments, as set forth in § 8.01-251, Code of Virginia (1950), as amended, bars the Plaintiff's recovery. The Court disagrees. The case of *Bennett v. Commonwealth*, 15 Va. App. 330 (1986), cited by the Plaintiff and distinguished by the Defendant, stands for the proposition that a monetary amount of an ongoing support obligation cannot be treated as a judgment under the statute of limitations provision of § 8.01-251 because by its very nature it is ongoing and unliquidated. The money judgment contemplated by the limitations statute is one for a sum certain which is due and owing.

Although *Bennett* deals with spousal support, the same result is reached when dealing with child support. While not cited as precedent, the unreported case of *Woodard v. Greenberg*, 1993 Va. App. LEXIS 368 (1993), is helpful in understanding the thinking of the Court of Appeals when faced with the request for a child support arrearage judgment more than twenty years after the last payment was due. In that case, the Court, citing *Bennett* for the proposition that a statute of limitations does not apply to an unliquidated spousal support arrearage and for the proposition that "an obligee spouse under a Virginia spousal support order may delay for years without limit before seeking a judgment for arrearage" found that the same rule applied to unliquidated child support arrearage. It said:

The same underlying principles, and hence the same rule, apply to child support orders. Therefore, the accrued arrearage presented to the trial court by the ... petition was not subject to the limitation of Code

§ 8.01-251 until the amount of that arrearage was determined and a money judgment was entered.

Accordingly, this Court finds that the statute of limitations cannot be used to bar the Plaintiff's recovery.

Judgment is granted for the Plaintiff in the liquidated amount of $19,650.00, plus interest on the increasing amount owed from May 1, 1976.