COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BARRY LYNN ARTHUR

                                     MEMORANDUM OPINION[*]
v.    Record No. 1762-98-3               PER CURIAM
                                       FEBRUARY 2, 1999
COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. SUSAN J. SMITH


            FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                   James W. Updike, Jr., Judge

           (J. Leyburn Mosby, Jr., on brief), for
           appellant.

           (Mark L. Earley, Attorney General; Ashley L.
           Taylor, Jr., Deputy Attorney General; Robert
           B. Cousins, Jr., Senior Assistant Attorney
           General; Craig M. Burshem, Regional Special
           Counsel; Jack A. Maxwell, Special Counsel, on
           brief), for appellee.



     Barry L. Arthur appeals the judgment of the trial court

holding him liable for past due child support owed to Susan

Smith.  Arthur contends that the trial court erred because:  (1)

he and Smith agreed to terminate his child support obligation;

(2) the claim for past due child support is barred by laches or

the statute of limitations; (3) the claim for past due child

support is barred under the doctrine of estoppel; and (4) any

interest awarded should accrue only from the date of the trial

court's judgment.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

_____

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

Accordingly, we summarily affirm the judgment of the trial court. See Rule 5A:27.

On appeal,

> we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.

Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

## Background

The parties were divorced by decree entered January 1, 1980. The decree ruled that there was one child born of the marriage. On February 18, 1980, the Bedford County Juvenile and Domestic Relations District Court ordered Arthur to pay child support. Two months later, Smith's attorney wrote to the clerk of the juvenile court that Smith "wishes to release [Arthur] of all past and future child support payments" and that Arthur "has agreed to give up all visitation rights to the child." Although that attorney drafted an order to that effect, the order was never entered.

In 1997, Smith filed a motion seeking to recover $21,970 in past child support due under the unmodified support order. Arthur contended that the parties had agreed to modify the order, exchanging a waiver of his child support obligation for a waiver of his visitation rights. The Division of Child Support

- 2 -

Enforcement (DCSE) intervened in the matter on behalf of Smith. The trial court entered judgment against Arthur in the amount of $22,835, plus interest at the judgment rate accruing as of July 1, 1995.

### Agreement

Arthur contends that the trial court erred by failing to enforce the parties' agreement under which Smith waived all child support and Arthur waived his visitation rights. We find no error. No order incorporating the purported agreement was ever entered. The trial court did not err in refusing to give effect to a proposed order that was never entered.

Assuming arguendo that an agreement had been reached, the Supreme Court has held that "parents cannot contract away their children's rights to support nor can a court be precluded by agreement from exercising its power to decree child support." Kelley v. Kelley, 248 Va. 295, 298, 449 S.E.2d 55, 56 (1994). A child's right to support from his or her parents "cannot be impinged by contract, and any contract purporting to do so is facially illegal and void." Id. at 299, 449 S.E.2d at 57. The agreement to waive Arthur's obligation to support the child in exchange for a waiver of his visitation rights, even if executed, was unenforceable.

Arthur cites Acree v. Acree, 2 Va. App. 151, 342 S.E.2d 68 (1986), and Wilderman v. Wilderman, 25 Va. App. 500, 489 S.E.2d 701 (1997), as authority supporting his position that he is

entitled to relief. Those cases are clearly distinguishable and not controlling. They involved narrow, fact-specific instances where parents agreed to modify their support obligations in ways that continued to benefit the children for whom the support was paid. No such benefit arose in the circumstances of this case. Here, the purported agreement would have denied the child support from, and contact with, Arthur throughout the years.

Laches and Statute of Limitations

Arthur contends that Smith is barred by laches or, alternatively, the statute of limitations from seeking to recover the past due child support. "Laches is an equitable defense, but '"even a court of equity, in an effort to do equity, cannot disregard the provisions of a lawful decree . . . ."'" Richardson v. Moore, 217 Va. 422, 423-24, 229 S.E.2d 864, 866 (1976) (quoting Fearon v. Fearon, 207 Va. 927, 931, 154 S.E.2d 165, 168 (1967)). The trial court could not disregard the provisions of the 1980 support decree. Thus, it did not err in denying Arthur's laches defense.

Similarly, Smith's claim for outstanding child support is not barred by any statute of limitations. In Bennett v. Commonwealth ex rel. Waters, 15 Va. App. 135, 422 S.E.2d 458 (1992), we distinguished a "money judgment" from an ongoing obligation to pay spousal support pursuant to a court order.

> When such a . . . support order is initially entered, it establishes the monetary amount of an ongoing support obligation. It is in that sense an order requiring the payment of money . . . . It is not, and cannot be, a

> judgment for a sum certain or liquidated amount of money.  Time and circumstances of the parties will determine ultimately the total amount to be paid under an initial, or subsequently modified, . . . support order.  Moreover, because such a . . . support order is ongoing and unliquidated, it is essentially different from a money judgment, which adjudicates a sum certain due and owing.

Id. at 141-42, 422 S.E.2d at 462.  Thus, an order to pay the ongoing obligation of child support is not a money judgment, until an unpaid amount has been determined and reduced to a "money judgment."  Therefore, Code § 8.01-251, cited by Arthur, which sets a twenty-year statute of limitations on the enforcement of "money judgments," does not bar Smith from recovering the child support arrearage.

### Estoppel

Arthur also contends that Smith is equitably and collaterally estopped from seeking to recover the child support arrearage.  We disagree.  "If without legal excuse one does not comply with a lawful decree requiring him to pay support monies, he does not meet the requirements of [the] . . . doctrine [of estoppel] and may not use 'equity' as a defense."  Martin v. Bales, 7 Va. App. 141, 146-47, 371 S.E.2d 823, 826 (1988).  There is no merit in Arthur's contention that Smith was collaterally estopped from pursuing the support arrearage because the juvenile and domestic relations district court dismissed the criminal motion to show cause.  The fact that Arthur may not have contemptuously disregarded the support order does not relieve him

- 5 -

of his civil obligation to support his child.  Smith is not collaterally estopped by an unsuccessful criminal contempt prosecution from pursuing a civil action.

> For at least 118 years, [the Supreme] Court, in dealing with the preclusive effect of a criminal judgment upon a subsequent civil action arising from the same transaction, has recognized that the criminal charge and the civil action, "though founded on the same fact, are distinct remedies, prosecuted by different parties and for different purposes," and that there is a "want of mutuality."

Selected Risks Ins. Co. v. Dean, 233 Va. 260, 263-64, 355 S.E.2d 579, 580-81 (1987) (citation omitted).

## Interest

Code § 20-78.2 provides, in pertinent part, that an order of support arrearage "shall also include an amount for interest on the arrearage at the judgment interest rate as established by [Code] § 6.1-330.54 unless the obligee, in a writing submitted to the court, waives the collection of interest."  (Emphasis added.)  Code § 63.1-267 provides that "[i]nterest at the judgment interest rate as established by [Code] § 6.1-330.54 on any arrearage pursuant to an order being enforced by the Department [of Social Services] pursuant to this chapter shall be collected by the Commissioner except in the case of a minor obligor during the period of his minority."  (Emphasis added.)  These provisions, as amended, were effective July 1, 1995.  The trial court did not err in awarding interest to Smith as provided by statute.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.