COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Haley


TIMOTHY MARTIN BARRETT

                                                    MEMORANDUM OPINION*
v.      Record No. 0992-05-3                              PER CURIAM
                                                       NOVEMBER 15, 2005
VALERIE JILL RHUDY BARRETT


                    FROM THE CIRCUIT COURT OF GRAYSON COUNTY
                           Barnard F. Jennings, Judge Designate

               (Timothy M. Barrett, *pro se*, on brief).  Appellant submitting on
               brief.

               No brief for appellee.


        Timothy Martin Barrett (husband), appeals from the circuit court's March 30, 2005 order

requiring him to pay Valerie Jill Rhudy Barrett (wife) child support in the amount of $1,950 per

month.  On appeal, husband contends the trial court erred (1) in failing to make a denial of spousal

support retroactive to September 1, 2002, and (2) "in not following the statutory guidelines for the

determination of child support."  For the reasons stated below, we affirm the trial court's refusal to

make the denial of spousal support retroactive and reverse and remand on the child support issue.

                                        BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

        So viewed, the evidence established that husband and wife were married on July 28,

1990.  During the eleven years of marriage, six children were born to the parties.  On July 21,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2001, wife left the marital residence in Virginia Beach with the six children and moved to Grayson County where her parents resided. She subsequently filed for divorce, alleging husband's cruelty as ground for divorce.

On August 16, 2002, the Circuit Court of the City of Virginia Beach entered a final decree granting wife a divorce on the amended ground that the parties had lived separate and apart without interruption for more than a year. Code § 20-91(A)(9)(a). It awarded wife custody of the six children, then ranging in age from sixteen months to nine years, child support, and temporary spousal support. The decree of divorce also deferred any additional determination of spousal support and equitable distribution until a later proceeding.

In September 2002, husband filed a petition in the Grayson County juvenile court seeking a support determination. Husband also filed a bill of complaint in the Virginia Beach Circuit Court on September 9, 2002 asking for a determination, *inter alia*, of spousal support. The case was then transferred to the Grayson County juvenile court on December 6, 2002. On June 30, 2003, the juvenile court ordered husband to pay support to wife in the amount of $500 per month beginning September 1, 2002 and ordered him to pay monthly child support in the amount of $1,853. Both parties appealed that order to the circuit court.

In a March 30, 2005 order, the trial court granted husband's motion for summary judgment with respect to the issue of spousal support. The order precluded wife from offering evidence in the matter due to her failure to respond to discovery, thus "leaving her unable to prove her need for spousal support or the Petitioner's ability to pay." The court eliminated the existing support obligation effective as of the date of the order.

The court heard evidence regarding child support. Wife, who was unemployed, asserted she had expenses of $1,900 per month attributable to the children. Husband presented evidence

regarding his income, his expenses, and wife's potential income. In its ruling, the court announced husband was required to pay wife $325 per child per month for a total of $1,950 per month.

ANALYSIS

I.

Husband argues "the trial court erred in failing to make the denial of spousal support retroactive to September 1, 2002," the effective date of the juvenile court's order. He argues by appealing the juvenile court order, that court's determination was vacated and when no spousal support was ordered by the circuit court, its order was required to be made retroactive. He also contends that wife failed to seek spousal support in her pleadings.

In pertinent part, Code § 16.1-298(A) provides that "a petition for or the pendency of an appeal or writ of error shall not suspend any judgment, order or decree of the district court . . . ." However, husband reasons that once the circuit renders its opinion, the prior district court order is vacated retroactively to the time of that court's order. Husband provides no support for this contention, and we know of none. On the contrary, "[o]rders of the district court requiring support of a spouse remain in full force and effect until reversed or modified by the court to which an appeal has been perfected . . . ." Martin v. Bales, 7 Va. App. 141, 145-46, 371 S.E.2d 823, 826 (1988). The district court order was a valid, enforceable order that remained in effect until the time of the circuit court's March 30, 2005 decision. Accordingly, we find no error in the circuit court's refusal to retroactively terminate the previously ordered spousal support.

Husband correctly notes that "[f]undamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed." Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986) (citation omitted). While we noted in Reid v. Reid, 24 Va. App. 146, 149, 480 S.E.2d 771, 772 (1997), that a trial court adjudicating a divorce has jurisdiction "to 'provide in its decree for the . . . support and maintenance [of] the

- 3 -

spouse,' upon the 'requests' of 'either party to the proceedings,'" we held that in a divorce proceeding the relief being sought must be "specifically pled." Id. at 150, 480 S.E.2d at 773 (citation omitted). Similarly, we have held that Code § 20-107.1 "grants to the divorce court the power to award maintenance and support, but [that] the exercise of such power remains dependent upon the pleadings having raised the issue." Boyd, 2 Va. App. at 19, 340 S.E.2d at 580; see also Fleming v. Fleming, 32 Va. App. 822, 826, 531 S.E.2d 38, 40 (2000) (reversing an award of "spousal support [where] the pleadings contained no request for it").

It is also fundamental that an appellant bears the burden of submitting a record sufficient for this Court's consideration of the issues presented. Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). Wife initiated the divorce proceedings in 2001, at which time she was represented by counsel. The record submitted by husband fails to include the initial pleadings in this action. Thus, we are unable to determine from the record whether wife specifically raised the issue of spousal support in her pleadings. Because husband failed to provide a record sufficient for this Court to consider this question, we need not address it.

II.

Husband also argues "the trial court erred in not following the statutory guidelines for the determination of child support." We agree.

Code § 20-108.2 provides "guidelines" for the determination of child support. A court may deviate from the guidelines upon a finding that the "guidelines would be unjust or inappropriate in a particular case." Code § 20-108.2(A). The deviation "shall be determined by relevant evidence" pertaining to certain factors set out in the statute. Id.

> [A]fter determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1. Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or

- 4 -

> inappropriate. If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal.

Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991).

In this case, it appears the trial court failed to first determine the presumptive amount of support and failed to support any deviation from the guidelines with written findings. We hold that the trial court erred in failing to calculate the presumptive amount of child support and failing to provide a written explanation in the order or by reference for a deviation from the child support guidelines, and we remand for the purposes of compliance with Code §§ 20-108.1 and 20-108.2.

Affirmed in part,
reversed in part,
and remanded.
